UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LANCE BROUSSARD

                            Plaintiff,          Index No.:

   -*against*-

                                                 **COMPLAINT**

CITY OF NEW YORK,
NYPD POLICE OFFICER JOHN DOE #1, and     Plaintiff Demands Trial by Jury
NYPD POLICE OFFICER JOHN DOE #2,

                                  Defendants.

-------------------------------------------------------------X

Plaintiff, LANCE BROUSSARD, by his attorney, Alexis G. Padilla, complaining of the defendants, The CITY OF NEW YORK and its agents, NYPD POLICE OFFICER JOHN DOE #1 (P.O. JOHN DOE #1) and NYPD POLICE OFFICER JOHN DOE #2 (P.O. JOHN DOE #2), upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff, LANCE BROUSSARD, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Southern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5. Plaintiff LANCE BROUSSARD is a United States citizen of full age and at all times relevant to this complaint a resident of Bronx County, State of New York.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officers.

7. Defendant NYPD POLICE OFFICER JOHN DOE #1 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant P.O. JOHN DOE #1 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and

engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

8. Defendant NYPD POLICE OFFICER JOHN DOE #2 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant P.O. JOHN DOE #2 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

## STATEMENT OF FACTS

9. On or about September 23, 2019 at approximately 10:00 P.M., plaintiff was lawfully present on the corner of West 27th Street and 7th Avenue in Manhattan.

10. Plaintiff was attempting to hail a cab when he was approached by two uniformed police officers, both of whom appeared to be male.

11. Upon information and belief, these officers were assigned to the 10th Precinct of the New York Police Department.

12. The officers informed plaintiff that they were responding to a report of a person walking against traffic.

13. Plaintiff said that he was simply trying to hail a cab without any success.

14. The officers responded in a disrespectful manner and words were exchanged between the parties.

15. Defendant NYPD POLICE OFFICER JOHN DOE #1, who was wearing black gloves, then struck plaintiff about the right side of his face, knocking him unconscious.

16. When plaintiff awoke, he was inside of an ambulance being taken to Bellevue Hospital and the officers were gone.

17. When plaintiff arrived at Bellevue, he was treated for a laceration above his right eye, which required stitches.

18. Plaintiff still has a visible scar from that injury.

19. Plaintiff also suffered a chipped tooth from being struck by the defendant.

20. Plaintiff was not arrested, ticketed or issued a summons related to this incident.

21. A complaint was filed with the CCRB (Complaint #201908696) by the EMT's who picked plaintiff up at the scene.

22. At no time during the events described above did plaintiff commit any act for which force would be a reasonable response.

23. At no time during the events described above did the defendants have any justifiable reason to use force against plaintiff.

24. As a result of the illegal acts of the defendants plaintiff did suffer damages, including but not limited to a laceration above his right eye, a chipped tooth, a concussion and the violation of his constitutional right to be free from excessive force.

### AS FOR A FIRST CAUSE OF ACTION

*Excessive Force in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution as against defendant NYPD POLICE OFFICER JOHN DOE #1*

25. Plaintiff repeats, reiterates and asserts each and every allegation contained in the

previous paragraphs with the same force and effect as if fully set forth herein.

26. At all times during the events described above defendants lacked probable cause to use force against plaintiff.

27. All of the aforementioned acts of defendants were carried out under the color of state law.

28. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

29. The acts complained of were carried out by the defendants in their capacities as police officers, with all actual and/or apparent authority afforded thereto.

30. The acts complained of resulted in pain and injury to plaintiff.

31. The acts complained of deprived plaintiff of his right to be free from excessive force.

## AS FOR A SECOND CAUSE OF ACTION

*Failure to Intervene as against defendant NYPD POLICE OFFICER JOHN DOE #2*

32. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

33. At all times relevant defendant NYPD POLICE OFFICER JOHN DOE #2 was present and aware that defendant P.O. JOHN DOE #1 was engaging in excessive force.

34. Defendant P.O. JOHN DOE #2 had a duty to intervene, both to put a stop to the unlawful force unleashed upon plaintiff by P.O. JOHN DOE #1 and to report the unlawful use of force.

35. Defendant P.O. JOHN DOE #2 had an opportunity, both to put a stop to and to report the unlawful use of force by P.O. JOHN DOE #1.

36. Defendant P.O. JOHN DOE failed to intervene by either stopping the use of force or reporting it, despite having the opportunity to do both.

37. As a result of defendant P.O. JOHN DOE #2's failure to intervene, plaintiff did suffer damages, including but not limited to the violation of his constitutional right to be free from excessive force.

## AS FOR A THIRD CAUSE OF ACTION

*Municipal Liability pursuant to 42 U.S.C. § 1983 as against defendant City of New York*

38. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

39. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff and is liable for the damages suffered by plaintiff as a result of the conduct of the defendants. The conduct of the defendants was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

40. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a group of police officers to use force without probable cause and in flagrant violation of their sworn oath to uphold the Constitution.

41. At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage the misuse of force of the sort described in this complaint.

42.     As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

43.     The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: October 29, 2020
       New York, NY

By:     */s/Alexis G. Padilla*
        Alexis G. Padilla, Esq. [AP7400]
        *Attorney for Plaintiff*
        *Lance Broussard*
        290 Howard Avenue
        Brooklyn, NY 11233
        Tel. 917 238 2993
        alexpadilla722@gmail.com